

1313 North Market Street
302 984 6000
P.O. Box 951
Wilmington, DE 19801- 0951
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

June 26, 2023

**VIA ELECTRONIC FILING**

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:   *The Nielsen Company (US), LLC v. ACRCloud, LTD*,
           C.A. No. 22-1344-CJB

Dear Judge Burke:

    Plaintiff The Nielsen Company (US), LLC ("Nielsen") and Defendant ACRCloud, LTD. ("ACRCloud") respectfully submit this joint letter, checklist (Ex. A), and proposed Scheduling Order (Ex. B).

    **A.  Description of What the Case Is About**

    Nielsen accuses ACRCloud of infringing U.S. Patent Nos. 8,065,700 ("the '700 patent"), 7,904,503 ("the '503 Patent"), and 7,623,823 ("the '823 Patent") (collectively, the "Asserted Patents").  Nielsen alleges that the Asserted Patents relate to particular methods and apparatuses for measuring media audiences.

    ACRCloud filed its Answer on May 11, 2023 (D.I. 17).  ACRCloud denies that it infringed or is liable for infringement of any valid and enforceable patent claims by Nielsen, and further denies that Nielsen is entitled to any relief.

    **B.  Parties' Positions Regarding Disputes in the Proposed Scheduling Order**

    The parties reached agreement on all proposed deadlines in the Scheduling Order. However, there remains one dispute concerning the scope of discovery that the parties would like to address at the Rule 16 conference.  While they do not dispute the discoverability of Electronically Stored Information ("ESI"), ACRCloud disputes whether discovery of ESI should extend to email.

<u>**Nielsen's Position**</u>

    Nielsen respectfully requests that the Court permit email discovery in this case. The Delaware Default Standard for Discovery, Including Discovery of Electronically Stored

The Honorable Christopher J. Burke
June 26, 2023
Page 2

Information ("Default Standard") permits discovery of email, and Nielsen sees no reason that this case should be treated differently. This Court has previously held that the party requesting deviation from the Default Standard bears the burden in showing why such relief is warranted. *Tonal Systems, Inc. v. iFIT Inc.*, C.A. No. 20-1197-GBW-CJB, D.I. 59 (D. Del. Feb. 15, 2022). In the context of email discovery, the Court has further held that an argument that email discovery would be burdensome is not sufficient to deviate from the Default Standard. Instead, to the extent a party believes any individual request relating to email discovery may be unduly burdensome, the proper remedy is for the party to utilize the Court's discovery dispute procedures to request relief. *Id*.

Indeed, email discovery will be particularly necessary in this case at least with regard to willful infringement and damages issues. Such emails will be probative of, for example, ACRCloud's views on the asserted patent in relation to its technology, its views on the importance of the accused technology, and its communications with potential partners and customers regarding the value of the patented technology. In addition, emails will elucidate whether a pre-suit willful infringement claim can be asserted. Moreover, emails will contain crucial information regarding how the accused products and methods work – particularly because ACRCloud is a small company, providing primarily software products, that is unlikely to have formal documentation procedures. Instead, like many small technology companies, it is more likely to rely on email communications to document technical aspects of its products.

ACRCloud essentially makes the untenable argument that a Chinese company should never have to produce emails in a patent case because emails could contain personal information. It is unclear what personal information would be contained in business emails, and in any event, Nielsen agrees not to seek any personal information in discovery. Any requirement for ACRCloud to submit electronic information to the Chinese government before producing it might introduce delay, but it would not place undue burden on ACRCloud.

### ACRCloud's Position

Over the last two years, Nielsen has initiated three patent suits against Nielsen's competitor TVision Insights, Inc. ("TVision") in the District of Delaware. *See* C.A. Nos. 21-1592, 22-57, and 22-1345. In January 2022, Nielsen asserted U.S. Patent No. 7,783,889 (the "'889 patent") against TVision based on TVision's use of ACRCloud's audio content recognition software. C.A. No. 22-057, D.I. 1 at ¶¶ 58-70, Ex. R. TVision is a customer of ACRCloud and does not have design documents, technical materials, or source code related to ACRCloud's software.

ACRCloud is not a direct Nielsen competitor, and it merely supplies software to TVision. In October 2022, ten months after filing suit against TVision, Nielsen filed suit against ACRCloud, asserting the '889 patent and three other patents. D.I. 1 at 1. Nielsen subsequently dropped its assertion of the '889 patent against ACRCloud, D.I. 13, shortly after TVision requested a stay under the customer suit exception. Since then, Nielsen has continued to seek discovery of ACRCloud's design documents, technical materials, and source code.

ACRCloud submits that email discovery should not be conducted by default in this action, because it is not proportional to the to the needs of this case. Fed. R. Civ. P. 26(b)(1). Email discovery is particularly burdensome here because the ACRCloud is located in China, all

The Honorable Christopher J. Burke
June 26, 2023
Page 3

of its emails data are originated from China without U.S. presence. In order for any of ACRCloud's emails to be collected and produced for use in this case, all of them need to go through the mandatory Chinese state security review and data/personal privacy review by qualified Chinese law firms. Ex. C. The burden would be especially high regarding emails because they would contain personal information from not only ACRCloud employees, but also non-relevant third parties in China, such as ACRCloud's non-US customers in China. The burden is especially high for ACRCloud because it is very small company with extremely limited resources.

Nielsen does not argue that e-mail discovery is relevant to infringement, and it is not. Nor does Nielsen make a pre-suit willfulness allegation, and any post-suit e-mails with attorneys regarding Nielsen's complaint or patents would be privileged. Nielsen argues that e-mail discovery is relevant to damages, but the relevance of that information to damages is tenuous at best, and Nielsen has not offered to limit its e-mail discovery to those topics. Nielsen can explore damages issues effectively through the usual mechanisms of non-e-mail document production (including production of any licenses), interrogatories, and Rule 30(b)(1) and 30(b)(6) depositions, without causing ACRCloud to incur the high burden of complying with the Chinese state security review procedures.

ACRCloud proposes that the parties defer e-mail discovery for now, and that if Nielsen is unable to receive adequate information to make its damages case through other discovery mechanisms, it may move for e-mail discovery under the Court's discovery dispute procedures. That way, the Court can address the issue in context, with the benefit of specific arguments regarding the sufficiency of the other discovery completed discovery.

### C. List of the Three Most Significant Topics (other than Scheduling Order Disputes) Discussed During the Parties' Review of the Checklist

#### 1. Protective Order

During the parties' discussion of the protective order, the parties recognized the possibility that certain discovery in this case may be relevant to C.A. No. 22-57-CJB (the "TVision Case"). The parties have discussed and agree that they will attempt, in good faith, to reach agreement regarding whether particular documents produced in this case may be used in the TVision case on a document-by-document basis.

#### 2. Deposition Time

During the parties' review of the Court's Checklist items, the parties disagreed about the time to be allotted for depositions, with Nielsen requesting the standard 70 hours, and ACRCloud requesting 50. After conferring, the parties agreed to compromise and allow 60 hours of deposition time.

#### 3. Post-grant Review

ACRCloud indicated it is not presently planning to file for post-grant review of any of the asserted patents, but that it is still evaluating its options and may decide to do so at a later time.

The Honorable Christopher J. Burke
June 26, 2023
Page 4

       The parties appreciate the Court's attention to these matters.

       Respectfully,

       */s/ David E. Moore*

       David E. Moore

DEM:nmt/10890905/14944.00005

cc:    Counsel of Record (via electronic mail)