# EXHIBIT C

# Provisions regarding the Cross-border Information of Personal Information under the PRC Laws and Regulations

## 1. Cross-border data transfer of personal information requires personal information protection impact assessment in advance

Article 55 of Personal Information Protection Law

Under any of the following circumstances, personal information processors shall conduct personal information protection impact assessment in advance, and record the processing information:

(1) Processing sensitive personal information;

(2) Using personal information to conduct automated decision-making;

(3) Commissioning personal information processing, providing personal information to other personal information processors, or disclosing personal information;

(4) Providing personal information to an overseas recipient;

(5) Other personal information processing activities which have major impacts on individuals' rights and interests.

## 2. General obligations of cross-border transfer of personal information

Article 38 of Personal Information Protection Law

Where a personal information processor truly needs to provide personal information to any party outside the territory of the People's Republic of China for business or other needs, it or he shall meet any of the following conditions:

(1) It has passed the security assessment organized by the national cyberspace administration in accordance with Article 40 of this Law.

(2) It has been subject to the personal information protection certification by a specialized institution in accordance with the provisions issued by the national cyberspace administration.

(3) It has entered into a contract with the overseas recipient in accordance with the model contract developed by the national cyberspace administration, agreeing on both parties' rights and obligations.

(4) It meets other conditions provided in laws or administrative regulations or by the national cyberspace administration.

## 3. Circumstances requiring security assessment of cross-border transfer of data for the cross-border transfer of personal information

Article 4 of Security Assessment Measures for Cross-border Transfer of Data

To provide data abroad under any of the following circumstances, a data processor shall apply to the national cyberspace administration for the security assessment of the cross-border transfer of data through the local provincial cyberspace administration:

(1) The data processor provides important data abroad.

(2) The critical information infrastructure operator or the data processor that has processed the personal information of over one million people provides personal information abroad.

(3) The data processor that has provided the personal information of over 100,000 people or the sensitive personal information of over 10,000 people cumulatively since January 1 of the previous year provides personal information abroad.

(4) Any other circumstance where an application for the security assessment of cross-border transfer of data is required by the national cyberspace administration.

## 4. Cross-border transfer of personal information in response to foreign judicial or enforcement authorities

(1) Article 41 of Personal Information Protection Law

The competent authority of the People's Republic of China shall process a request for personal information stored within the territory of the People's Republic of China from

a foreign judicial or law enforcement authority in accordance with applicable laws and international treaties and agreements concluded or acceded to by the People's Republic of China, or under the principle of equality and reciprocity. Without the approval of the competent authority of the People's Republic of China, a personal information processor shall not provide personal information stored within the territory of the People's Republic of China to any foreign judicial or law enforcement authority.

(2) Article 36 of Data Security Law

The competent authorities of the People's Republic of China shall, in accordance with the relevant laws and the international treaties and agreements concluded or acceded to by the People's Republic of China or on the principle of equality and mutual benefit, handle the requests made by foreign judicial or law enforcement authorities for the provision of data. No organization or individual within the territory of the People's Republic of China may provide foreign judicial or law enforcement authorities with the data stored within the territory of the People's Republic of China without the approval of the competent authorities of the People's Republic of China.

(3) Frequently Asked Questions on Judicial Assistance in International Civil and Commercial Matters issued by the Ministry of Justice of the People's Republic of China.

  8. Can the party in the territory of the PRC voluntarily submit evidence materials within the territory of the PRC directly to the foreign judicial authority or judicial personnel?

  If relevant materials in the territory of the PRC need to be transferred abroad, it should comply with the relevant provisions of the Civil Procedure Law, the Data Security Law and the Personal Information Protection Law.

  9. Which authorities' approval is necessary for the cross-border transfers of data information?

According to the Data Security Law and the Personal Information Protection Law, if data information truly needs to be provided abroad, it shall pass the security assessment and certification organized by the Cyberspace Administration of China (CAC) before it can be submitted abroad. Where international judicial assistance is involved, no organization or individual within the territory of the PRC may provide foreign judicial or law enforcement authorities with the data and personal information stored within the territory of the PRC without the approval of the competent authorities of the PRC.

Under the framework of the treaties, after being reviewed by the Supreme People's Court, the evidence materials and other data information obtained by the People's Court shall be transmitted by the Ministry of Justice to the foreign requesting party.

# 中国法下涉及个人信息跨境传输的相关法律法规条款内容

**1. 跨境传输个人信息要求事前开展个人信息保护影响评估**

《个人信息保护法》第 55 条

有下列情形之一的，个人信息处理者应当事前进行个人信息保护影响评估，并对处理情况进行记录：

（一）处理敏感个人信息；

（二）利用个人信息进行自动化决策；

（三）委托处理个人信息、向其他个人信息处理者提供个人信息、公开个人信息；

（四）向境外提供个人信息；

（五）其他对个人权益有重大影响的个人信息处理活动。

**2. 跨境传输个人信息的一般义务**

《个人信息保护法》第 38 条

个人信息处理者因业务等需要，确需向中华人民共和国境外提供个人信息的，应当具备下列条件之一：

（一）依照本法第四十条的规定通过国家网信部门组织的安全评估；

（二）按照国家网信部门的规定经专业机构进行个人信息保护认证；

（三）按照国家网信部门制定的标准合同与境外接收方订立合同，约定双方的权利和义务；

（四）法律、行政法规或者国家网信部门规定的其他条件。

**3. 跨境传输个人信息要求进行数据出境安全评估的情境**

《数据安全出境评估办法》第 4 条

数据处理者向境外提供数据，有下列情形之一的，应当通过所在地省级网信部门向国家网信部门申报数据出境安全评估：

（一）数据处理者向境外提供重要数据；

（二）关键信息基础设施运营者和处理 100 万人以上个人信息的数据处理者向境外提供个人信息；

（三）自上年 1 月 1 日起累计向境外提供 10 万人个人信息或者 1 万人敏感个人信息的数据处理者向境外提供个人信息；

（四）国家网信部门规定的其他需要申报数据出境安全评估的情形。

### 4. 涉及外国司法或者执法机构要求下的个人信息出境

(1)《个人信息保护法》第四 41 条

中华人民共和国主管机关根据有关法律和中华人民共和国缔结或者参加的国际条约、协定，或者按照平等互惠原则，处理外国司法或者执法机构关于提供存储于境内个人信息的请求。非经中华人民共和国主管机关批准，个人信息处理者不得向外国司法或者执法机构提供存储于中华人民共和国境内的个人信息。

(2)《数据安全法》第 36 条

中华人民共和国主管机关根据有关法律和中华人民共和国缔结或者参加的国际条约、协定，或者按照平等互惠原则，处理外国司法或者执法机构关于提供数据的请求。非经中华人民共和国主管机关批准，境内的组织、个人不得向外国司法或者执法机构提供存储于中华人民共和国境内的数据。

(3)《国际民商事司法协助常见问题解答》

8. 中国境内当事人出于自愿能否直接向外国司法机关或司法人员提交位于境内的证据材料？

答：位于境内的相关材料如需出境，应符合《民事诉讼法》《数据安全法》《个人信息保护法》的相关规定。

9. 数据信息出境应通过哪些部门审批？

答：根据《数据安全法》《个人信息保护法》，数据信息确需向境外提供的，应当通过国家网信部门组织的安全评估、认证后方可向境外提交。涉及到国际 司

法协助的，非经中华人民共和国主管机关批准，境内的组织、个人不得向外国司法或者执法机构提供存储于中华人民共和国境内的数据或个人信息。

在条约规定框架下，由人民法院调取的证据材料等数据信息经最高人民法院审核后，由司法部转交外国请求方。