## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC; and GRACENOTE, INC. | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 22-1344-CJB |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ACRCLOUD, LTD. | ) ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

## 1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from unapproved uses may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; this District's Local Rules and CM/ECF Procedures and any applicable order of this Court set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.      **DEFINITIONS**

2.1.    <u>Challenging Party</u>. A Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    <u>"CONFIDENTIAL" Information</u>.  Information or tangible things concerning a person's business operations, processes, and technical and development information, the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

2.3.    <u>Source Code</u>.  Computer instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module, and associated comments and revision histories.

2.4.    <u>Counsel (without qualifier)</u>. Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5.    <u>Designating Party</u>.  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

2.6.    <u>Disclosure or Discovery Material</u>.  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.    <u>Expert</u>.  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not and for the past two years has not been an employee of a

Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

      2.8.   "<u>HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"</u> <u>Information</u> is highly sensitive information or items that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.  Examples of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information or tangible things include, without limitation, trade secrets, non-public financial information, business and sales strategies, product roadmaps, ongoing research and development materials, sensitive technical materials, and other information of a similar nature.  For avoidance of doubt, emails, transcripts, and other documents that contain excerpts of source code shall be considered HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information.

      2.9.   "<u>HIGHLY CONFIDENTIAL SOURCE CODE" Information</u> is (1) Source Code; (2) human-readable text-based electronic source code documents that reside in a source code repository, including but not limited to, source code residing in third-party source code repository, from which software and related data files may be compiled, assembled, linked, executed, debugged, and/or tested ("Source Code Files"); and (3) print-outs of Source Code Files ("Printed Source Code").  Source Code Files include, but are not limited to, documents in "C", "C++", Java, Java scripting languages, command languages, shell language, VHDL, Verilog, and digital signal processor (DSP) programming languages.  Source Code Files may further include "header" files, "make" files, project files, link files, and other human-readable text files used in the generation,

compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

2.10.   <u>Non-Party</u>.  Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11.   <u>Outside Counsel of Record</u>.  Attorneys, legal professionals or IP professionals who are not employees of a party to this action but are retained to represent or advise a party to this action and whose firms have appeared in this action on behalf of that party.  Outside Counsel of Record includes the attorneys and support staff, including contract attorneys, of law firms that are retained to represent a party in this action, as well as the secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this case, but excludes any employees of a party to this action.  Outside Counsel of Record also includes outside copying services, document management services and graphic services reasonably necessary to render professional services in this case.

2.12.   <u>Party</u>.  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

2.13.   <u>Producing Party</u>.  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14.   <u>Professional Vendors</u>.  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.   <u>Protected Material</u>.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

2.16.   <u>Receiving Party</u>. a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial may be governed by a separate agreement or order.

## 4.   DURATION

The confidentiality obligations imposed by this Order shall remain in effect even after final disposition of this litigation until a Designating Party agrees otherwise in writing, a court order otherwise directs, or unless otherwise provided herein.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2)

final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party, if it agrees, must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>.

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), designation in conformity with this Order requires that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or 'HIGHLY CONFIDENTIAL SOURCE CODE" to each page that contains Protected Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like

copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party may, up to 21 days from the date of receipt of a final transcript of the deposition, hearing or other proceeding, designate the testimony or portions thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."  Upon request, Parties shall give the other Parties reasonable notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and, if the entire transcript has not been designated as Protected Material, the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party

7

shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL SOURCE CODE" if it contains Source Code) in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     For information produced in some form other than documentary and for any other tangible items, designation in conformity with this Order requires that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3.     <u>Inadvertent Failures to Designate</u>.

If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. To the extent the Receiving Party has disclosed the Protected Material to any person not authorized under this Stipulated Protective Order, the Receiving Party shall follow the requirements of Section 10 (a), (b), (c), and (d).

5.4.    Non-Party Documents.

In the event that a Non-Party produces documents that contain Protected Material belonging to either or both Parties, either or both Parties may, within thirty (30) calendar days of the receipt of documents produced by the third party, designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL − OUTSIDE ATTORNEYS' EYES ONLY."

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3. <u>Judicial Intervention</u>.

If the Parties cannot resolve a challenge without Court intervention, the disputing party shall raise the issue with the Court.  The burden of persuasion in any protective order challenge shall be on the Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party for the purposes of this litigation only.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order or, in the case of materials designated "HIGHLY CONFIDENTIAL SOURCE CODE," the Parties' Source Code Access Agreement.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  In the case of materials designated "HIGHLY CONFIDENTIAL SOURCE CODE," the Parties' Source Code Access Agreement shall apply.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action;

(b)    five designated employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are identified to the Designating Party;

(c)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5, below, have been followed, and any employees or support staff assisting such experts;

(d)      the Court, the jury, any mediators or arbitrators assisting in the resolution of this action, and their personnel;

(e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary;

(f)      mock jurors and other necessary staff for conducting a mock trial or similar proceeding related to this litigation, provided that all such mock jurors and staff sign and agree to be bound to an appropriate confidentiality agreement prohibiting disclosure and use of such materials outside of any mock jury exercise;

(g)      during their depositions, witnesses in the action who are (1) party representatives of the Designating Party pursuant to Fed. R. Civ. P. 30(b)(6); (2) officers, directors, and managerial level employees of the Designating Party; (3) current employees of the Designating Party; or (4) other individuals that the deposing party can demonstrate have already received the Protected Information (*e.g.*, as a recipient of a document) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     the author or recipient (or person involved in the creation) of a document containing the information or a custodian of the document or other person who otherwise possessed or knew the information.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" only to those individuals specified in Section 7.2 (a), (c), (d), (e), (g), and (h) above, provided that such individuals have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are identified to the Designating Party.

Notwithstanding the above, no expert witness or consultant who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Receiving Party shall have access to a Designating Party's material designated with the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

7.4.    "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items shall comply with the additional restrictions in the Parties' Source Code Access Agreement.

7.5.    Procedures for Approving or Objecting to Experts.

(a)     A Party that seeks to designate an individual as an Expert (as defined in and consistent with this Order) must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) to the extent not included in the Expert's current resume,

12

identifies the Expert's present and past employment, education and areas of expertise; and (4) identifies consulting and litigation engagements during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective Sections may disclose appropriate Protected Material to the identified Expert after 8 calendar days unless, within 8 calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection.  If no agreement is reached, within ten (10) business days of the meet-and-confer, the party seeking to prevent disclosure of Protected Material to the Expert shall move for an order of the Court preventing such disclosure. If no such motion is made within ten (10) business days, disclosure to the Expert shall be permitted. In the event that objections are made and a motion is filed, disclosure to the Expert shall not be made unless and until the Court permits it.  In any such dispute, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose Protected Material to its Expert.

(d)     A Party may not object to disclosure to identified Experts beyond the 8-day period in Section 7.5(b) unless the Party becomes aware of new information or circumstances that give good cause for objection, in which case, an objection shall be made, and the timing and procedures described above shall apply.

(e)     No Party shall attempt to depose any Expert until such time as the Expert is designated by the Party engaging the Expert as a testifying expert.  Notwithstanding the preceding sentence, a Party may depose an Expert as a fact witness if the Party has a good faith, demonstrable basis that the Expert possesses facts relevant to the case that were obtained independently of the Expert's engagement. Such deposition, if it precedes the designation as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the Expert as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

7.6     Prosecution Bar. Any person reviewing any "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" designated information or materials (which shall also be automatically considered "Prosecution Bar Materials") shall not, for a period commencing upon that person's review of such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) involving claims on a method, apparatus, or system that deal with the subject matter of the patents-in-suit (detection of the number of individuals who are watching particular television content, correlating presentation of media content on a media content presentation device with activity on a different computing device, and generating signatures of audio content streams). Prosecution Activity shall mean any activity related to the preparation or prosecution (for any person or entity) of patent applications or advising or counseling clients regarding same, writing, generating, suggesting, or modifying claim language for patent applications or advising or counseling clients regarding same, or making arguments in support of patent applications or advising or counseling clients regarding same. A person who has

14

reviewed Prosecution Bar Materials may not, on behalf of a Party in this case, suggest, direct, or draft claim amendments ("Amending") in a reexamination, *inter partes* review, covered business method review, post-grant review, or reissue application proceedings ("Post-Grant Proceedings") as to patents subject to such Post-Grant Proceedings and within the subject matter of the patents-in-suit. Nothing in this Section shall prevent a person who has reviewed Prosecution Bar Materials from participating in such Post-Grant Proceedings or in submitting a motion to amend in Post-Grant Proceedings over such person's signature as counsel, subject to the prohibition on counseling on claim amendments and claim drafting as stated in the previous sentence. Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for any purpose, including the purpose of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm. It is expressly agreed that attorneys who work on this matter without reviewing Prosecution Bar Materials shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar.

## 8. PROTECTED MATERIAL SUBPOENAED, ORDERED PRODUCED, OR PRODUCED BY AGREEMENT IN OTHER LITIGATION

### 8.1. Receiving Party Subject to Subpoena, Document Request or Court Order in Other Proceedings.

If a Party is served with a subpoena, document request, or court order issued in other litigation or proceeding that compels or covers disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," that Party must notify the Designating Party at least ten (10) business days before the Party seeks to disclose the designated materials in writing. Such notification shall include a copy of the subpoena, document request or court order and a copy of the protective order governing the litigation or proceeding to which the subpoena, document request, or court order pertains.

 8.2. <u>Receiving Party Subject to Motion in Other Proceedings</u>.

 By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Receiving Party subject to this order who becomes subject to a motion to disclose a Designating Party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," pursuant to this order shall promptly notify the Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

 8.3. <u>Production by Agreement in Other Proceedings</u>.

 The parties recognize the possibility that certain discovery in this case may be relevant to Case No. 22-57-CJB (the "TVision Case"). The parties agree that they will attempt, in good faith, to reach agreement regarding whether particular documents produced in this case may be used in the TVision case on a document-by-document basis. The parties agree to utilize Judge Burke's Guidelines for Discovery Disputes to address the production of documents in the TVision case if the parties cannot reach a good faith agreement regarding production of such documents.

8.4.    If the Designating Party objects within ten (10) business days of being notified, the Party served with the subpoena or court order, or the Party desiring to produce identified documents in the TVision case by agreement, shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE": (1) unless it is ordered to do so by the court from which the subpoena, document request, or order issued, (2) unless it is otherwise required to do so by the procedures governing the proceeding, or (3) unless ordered to do so by the Court in this proceeding.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.    In the event that a Party (the "Producing Party" in this Section) is required, by a valid discovery request from the other Party (the "Requesting Party" in this Section), to produce a Non-Party's confidential information in the Producing Party's possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

description of the information requested; and (c) make the information requested available for inspection by the Non-Party.

9.3.    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.2.    The execution of the "Acknowledgment and Agreement to Be Bound" in this instance does not mean that the person shall be entitled to receive Protected Material going forward unless the person is otherwise authorized to do so under the provisions of this Protective Order.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1.    <u>No Waiver</u>.

In the case of inadvertent production of privileged or otherwise protected material, the Parties have agreed that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection. Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of any discovery material that a Party (the "Disclosing Party") thereafter claims should not have been produced or disclosed based on privilege or work product protections ("Disclosed Privileged Information"), shall not constitute or be deemed a waiver or forfeiture in whole or in part—in this or any other action—of any claim of attorney-client privilege or work product immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Information and its subject matter, if such documents were inadvertently disclosed.  As set forth below, such Disclosed Privileged Information shall be returned to the Producing Party or destroyed upon request. The no waiver provision does not apply to intentional disclosures of information subject to a claim of attorney-client privilege or attorney work product protection.

11.2.   Attorney's Ethical Responsibilities.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Any Party receiving materials that, on their face, appear to be covered by a privilege, shall not copy, distribute, or otherwise use in any manner such materials and shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to request return of the materials, in accordance with the terms of this Section.

11.3.   Procedure for Return or Destruction of Privileged Information.

19

If a Disclosing Party notifies the Receiving Party of Disclosed Privileged Information, the Receiving Party shall, as soon as possible, but at most within 5 business days: (i) return or destroy (or in the case of electronically stored information, delete) all copies of such information (including all notes or other work product of the Receiving Party reflecting the contents of the Disclosed Privileged Information) within their possession, custody, or control (including all copies in the possession of experts, consultants, or others to whom the Disclosed Privileged Information was provided); and (ii) provide a certification of counsel that all such Disclosed Privileged Information has been returned or destroyed.

From the moment a Disclosing Party provides notice of production of Disclosed Privileged Information, a Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending a motion and further notice from the Court.

For purposes of this Order, Disclosed Privileged Information that has been stored by the Receiving Party on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 12. MISCELLANEOUS

12.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

20

12.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with this District's Local Rules and CM/ECF Procedures and any applicable order of this Court.

## 13.    FINAL DISPOSITION

13.1.   Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

13.2.   Information designated "HIGHLY CONFIDENTIAL SOURCE CODE" must be returned to the Producing Party or destroyed, and each Expert who had access to such materials

must sign a declaration that shall be sent to the Producing Party certifying that:  (1) to the best of that person's knowledge, all such materials have been returned to the Producing Party or destroyed; and (2) every copy, whether whole or partial, of such materials that exists in electronic, magnetic, or other machine-readable form has been permanently deleted.

13.3.    Notwithstanding Sections 13.1 and 13.2, Counsel are entitled to retain an archival copy of all pleadings, discovery responses, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Respectfully submitted,

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Steven Yovits                                 By:   /s/ Bindu A. Palapura
Constantine Koutsoubas                              David E. Moore (#3983)
Melvin W. Gaddy                                     Bindu A. Palapura (#5370)
Jason P. Greenhut                                   Andrew L. Brown (#6766)
KELLEY DRYE & WARREN LLP                            Hercules Plaza, 6th Floor
333 West Wacker Drive                               1313 N. Market Street
Chicago, IL 60606                                   Wilmington, DE  19801
Tel:  (312) 857-7070                                Tel:  (302) 984-6000
                                                   dmoore@potteranderson.com
Clifford Katz                                      bpalapura@potteranderson.com
Jolie Brett Schenerman                             abrown@potteranderson.com
KELLEY DRYE & WARREN LLP
3 World Trade Center                          *Attorneys for Plaintiffs The Nielsen Company*
175 Greenwich Street                          *(US), LLC and Gracenote, Inc.*
New York, NY 10007
Tel:  (212) 808-7800

Scott Doyle
KELLEY DRYE & WARREN LLP
3050 K Street NW, Suite 400
Washington, DC 20007
Tel:  (202) 342-8400

Joshua B. Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd., Suite 900
Houston, TX 77027
Tel: (713) 355-5000

OF COUNSEL:

Jason Xu
RIMON LAW P.C.
1990 K Street, NW Suite 420
Washington, D.C. 20006
(202) 971-9494
jason.xu@rimonlaw.com

Eric Cohen
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860
eric.cohen@rimonlaw.com

SHAW KELLER LLP

By:   /s/ Nathan R. Hoeschen
      Andrew E. Russell (#5382)
      Nathan R. Hoeschen (#6232)
      I.M. Pei Building
      1105 North Market Street, 12th Floor
      Wilmington, DE 19801
      (302) 298-0700
      arussell@shawkeller.com
      nhoeschen@shawkeller.com

      Zhun Lu (#4427)
      RIMON LAW P.C.
      200 Continental Drive
      Ste 401
      Newark, DE 19713
      302-688-7566
      zhun.lu@rimonlaw.com

*Attorneys for Defendant ACRCloud, LTD.*

Dated:  July 25, 2023
10932979 / 14944-00005

                                    July
IT IS SO ORDERED this 25 day of _____, 2023.

*Christopher J. Burke*
Magistrate Judge Christopher J. Burke

24

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full

name], of [print or type full address], declare under penalty of perjury that I have read in its

entirety the Stipulated Protective Order that was issued by the United States District Court for

the District of Delaware in the case of *The Nielsen Company (US), LLC v. ACRCloud LTD.*, C.A.

No. 22-1344-CJB. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

[Experts reviewing source code only: I will be reviewing source code for the

following patent(s):_____]

Date:_____

City and State where sworn and signed:

_____

Printed name:_____

Signature:_____

25